# West Chicago Street R. R. Co. v. John Dooley, Adm.

1. JURY—*Province of, on Conflicting Evidence.*—Upon a conflict of evidence on material points in a case, it is the province of the jury to decide where the truth lies.

2. INSTRUCTIONS— *Damages—Death from Negligent Act.*—In an action to recover damages occasioned by death resulting from negligence, an instruction which tells the jury that they can allow only such damages as will make good the pecuniary loss sustained by the next of kin of the person deceased, and that mental sufferings, or loss of domestic or social happiness, or the degree of culpability of the defendant, are not proper elements in the calculation of damages. That they can not award exemplary or vindictive damages, but must ascertain from the facts and circumstances in evidence the pecuniary loss sustained in dollars and cents, as nearly as they can approximate thereto, and make that good, is proper.

3. SAME— *Estimating Damages.*—In actions for damages occasioned by death of an infant resulting from negligence of the defendant, it is proper to instruct the jury that in making the estimate of damages they are not limited to the earnings of the deceased until he arrives at the age of twenty-one years, but may take into consideration every reasonable expectation the parents or next of kin may have had of pecuniary benefits or advantage from the continuance of his life so far as the same shall be shown by the evidence in the case.

4. EVIDENCE—*Records of a Coroner's Inquest.*—Where the testimony of witnesses taken before the coroner upon an inquest, is identified by a deputy coroner as having come from the coroner's office, and shown by the witnesses whose statements before the coroner were read, that they testified at the inquest and signed their names to the statements, it is sufficient to justify the admission of such statements in evidence for the purpose of contradicting the testimony of such witnesses.

Trespass on the Case.—Death from negligent act. Trial in the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Verdict and judgment for plaintiff, $2,500. Appeal by defendant. Heard in this court at the March term, 1898. Affirmed. Opinion filed May 26, 1898.

ALEXANDER SULLIVAN, attorney for appellant; B. F. RICHOLSON, of counsel.

CASE & HOGAN and MUNSON T. CASE, attorneys for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellee, as administrator of his deceased son, William Dooley, brought suit against appellant to recover damages for the negligence of appellant, which resulted in the death of said William at the age of seven years and two months.

A trial before the Superior Court and a jury resulted in a verdict and judgment for $2,500, from which this appeal is prosecuted. The negligence charged by the declaration was, in substance, that appellant for a long time prior to May 6, 1893, the date of the accident, suffered and permitted a certain excavation to be and remain in the street near and contiguous to its railway tracks on Blue Island avenue near Leavitt street; that thereby and therefrom deceased, while upon Blue Island avenue, in the exercise of due care, necessarily and unavoidably fell by reason of said excavation, his body going under one of appellant's cars, etc.

The first additional count alleges the same negligence, in substance, and further sets up an ordinance of the city giving appellant permission, in order to change its motive power from horses to a cable, to make excavations, etc., in the streets, and making it liable for any damage or injury to any person by reason thereof; and alleges that appellant made excavations, etc., and permitted a large hole or excavation to remain in Blue Island avenue near Leavitt street, for a long time, into which deceased fell, whereby he was thrown upon appellant's track and under one of its cars being operated upon said street, etc.

The second additional count is the same as first additional count, and further alleges, in substance, that it was appellant's duty to keep sixteen feet in width of the street along its line of railway, where two tracks are constructed, on Blue Island avenue, in good repair and condition, but that it failed in this regard, and permitted said street within said sixteen feet to be and remain in bad, imperfect and defective condition, in that a large hole or excavation was permitted to remain in said street within said sixteen feet near its said track unguarded, etc.; and that thereby and therefrom deceased, while in the exercise of due care, fell

into said hole or excavation, etc., whereby he was thrown upon the tracks, his body going under one of appellant's moving cars, etc.

The evidence was conflicting as to the existence, size, shape and location of the hole or excavation at the time of the accident, and as to whether it was the cause of deceased falling under appellant's car, which was being drawn by horses along Blue Island avenue, but we are unable, after a full and careful consideration, to say that the jury were not justified in believing, from the evidence, that there was a hole in the street alongside of appellant's tracks, made by appellant's employes, and within the sixteen feet which was under the supervision and control of appellant, and that the hole was the cause of deceased stumbling and falling under appellant's moving car, thereby causing the injury which resulted in the child's death. In view of this conflict in the evidence, the jury would, if they believed appellant's witnesses, have been justified in finding for appellant on this question, but it being a matter peculiarly within the province of the jury, we do not feel justified in disturbing the verdict.

Complaint is made that the court refused to give appellant's eighteenth instruction as asked, but modified it, because, it is claimed, there was no evidence to justify the instruction as modified by the court. The contention is not tenable. The instruction as given is, viz.:

"18. The court instructs the jury that the defendant had no jurisdiction or control over any part of the street in question at the time and place in question except the sixteen feet occupied by its two tracks and right of way, and no duty was imposed on the defendant to fill up or repair any defect or hole in the street outside of the sixteen feet which was occupied by its two tracks and the six inches on the outside of each of its two tracks, which constituted the defendant's right of way.

So, if the jury believe from the evidence in this case, that plaintiff's intestate at the time and place in question was injured so that his death resulted from such injuries, by

reason of his stepping into a hole in the street at the time and place in question, outside of the sixteen feet, which was not caused by default or negligence of the defendant, then you should find the defendant not guilty."

The witness Hartnett testified, viz.: "From a point about seventy-five feet west of Leavitt street on Blue Island avenue, to a hundred feet west, there were several stones out of place along the track; they had been out, to my knowledge, a month before the child was killed there.   I seen men working along the track there.   Men were engaged in getting the track into shape for the cable cars.   I saw the place from seventy-five to one hundred feet west of Leavitt street, on Blue Island avenue, once a day at least, until Willie Dooley was killed.   Those stones adjoined the rails.   Blue Island avenue runs southwest on a slant.   I saw them taking the stones out on the north side of the north rail going west.   I remember that was about a month before Willie was killed, because at that time I was working in McCormick's, and I was just off about one month, out of work about one month, at the time the child was killed.   Not to my knowledge, from the time I saw the stones taken out until I heard he was killed, were there any stones put back there at that point.   I crossed that track at least once a day. I am not positive whether I crossed the track the day he was killed or not.   I went across the track the day before he was killed at that point.   The holes were there the day before.

"I couldn't say when these men began working on the track; they were working there about a month before the boy was killed; taking up stones was some of their occupation; they worked getting the track in shape for the cable cars; they didn't take up these particular stones more than once; I don't know when they took those particular stones out.   Probably five or six were taken out there a month before this accident occurred; I don't know how many were removed during that month; I know there were other stones taken out, and they were put back again."

This evidence was not controverted by appellant.

It is contended that there was error in modifying, and giving as modified, appellant's nineteenth and twentieth instructions. As given they were, viz.:

"19. In this case if you find for the plaintiff you can allow only such damages as will make good the pecuniary loss sustained by the next of kin of the person deceased. The mental sufferings, or loss of domestic or social happiness, or the degree of culpability of the defendant are not proper elements in the calculation of damages. You can not award exemplary or vindictive damages. You must ascertain from the facts and circumstances in evidence the pecuniary loss sustained in dollars and cents, as nearly as you can approximate thereto, and make that good. In making the estimate of damages you are not limited to the earnings of the deceased until he should arrive at the age of twenty-one years, but may take into consideration every reasonable expectation such parents and next of kin may have had of pecuniary benefits or advantages from the continuance of his life so far as the same shall be shown by the evidence in this case.

"20. The court instructs the jury that if they believe from the evidence that the injury which caused the death of the plaintiff's intestate was the result of an accident which occurred without the fault or negligence of the defendant, or that the plaintiff's intestate, if of sufficient age and intelligence to exercise proper care for his safety, was (or that both the plaintiff's intestate, if of such age and intelligence, and the servants of the defendant were) at fault, they should find the defendant not guilty."

We are unable to detect any error in these instructions as given, and counsel have failed to cite any adjudicated case holding that they are erroneous.

It is argued that there was error in admitting in evidence the city ordinance with reference to the duty of the railway company to keep sixteen feet in width of the street along the line of its railway, where two tracks are constructed, in good repair and condition, etc., because, it is claimed, it was immaterial and confusing to the jury. We do not so regard

it in view of the allegations of the declaration above set out, and besides it was argued to the court, and an instruction to the jury was asked to the effect, that if the hole in question was outside this sixteen feet the company was not liable. Appellant can not now claim the ordinance was immaterial or confusing. Wheatley v. Savings Bank, 167 Ill. 484.

Appellant claims the court erred in admitting in evidence on rebuttal the testimony of certain witnesses taken before the coroner upon an inquest upon the body of William Dooley, appellee's intestate, because it was not sufficiently proven, for the various reasons claimed in the brief of counsel. It was identified by a deputy coroner as the testimony taken at the inquest upon the body of William Dooley, May 8, 1893, and it was testified that it came from the office of the coroner. It was also shown by the witnesses whose statements before the coroner were read, that they testified before the coroner at the inquest, and that they respectively signed their names to said statements. This, we think, was sufficient to justify the court in admitting the statements in evidence by way of contradiction of the testimony of these witnesses. R. R. Co. v. Feehan, 149 Ill. 215; Craig v. Rohrer, 63 Ill. 326.

The judgment is affirmed.